As to the Second Count the proof is uncontradicted that the check was taken without authority and was carried to Cohn's Men's Store where it was accepted in payment for some clothing and was sent through regular banking channels and returned. We believe that the proof was quite sufficient to support the finding of the jury. I Wharton's Criminal Evidence, 12th Ed. 1955, 245–6, notes 5–8 and 259–60, notes 16–19. We therefore affirm the judgment.

inald T. Badeaux and Badeaux & Discon, New Orleans, La., of counsel.

William E. Gwatkin, III, Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., William D. Ruckelshaus, Asst. Atty. Gen., Gerald J. Gallinghouse, U. S. Atty., Robert V. Zener, Reed Johnston, Jr., Patricia S. Baptiste, Attys., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before GODBOLD, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM:

Affirmed. See Fifth Circuit Rule 21.[1]

---

**Mrs. Maxine Hilliard BISHOP, Widow of John Alvah Bishop, and Personal Representative of the Estate of John Alvah Bishop, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 29820.

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1971.

**EASTERN AIR LINES, INC., Plaintiff-Appellee,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant-Appellant.**

No. 29889.

United States Court of Appeals, Fifth Circuit.

Jan. 27, 1971.

Rehearing Denied March 1, 1971.

Kierr & Gainsburgh, Jack C. Benjamin and Robert H. Blomefield, New Orleans, La., for plaintiff-appellant; Reg-

---

1. *See* NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).